UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:21-cr-121-HES-MCR
       18 U.S.C. § 1343

JUAN CARLOS ARTEAGA

## INFORMATION

The Acting United States Attorney charges:

### COUNT ONE
### (Wire Fraud)

**A. Introduction**

At times material to this Information:

1. JUAN CARLOS ARTEAGA was a resident of Jacksonville, Florida, in the Middle District of Florida. ARTEAGA acted as a travel agent for people throughout the state of Florida and the United States.

2. Community First Credit Union (CFCU) was a financial institution with offices located throughout the State of Florida, where ARTEAGA maintained accounts, including the account ending in 9976.

3. Ameriprise Financial Services, Inc. (AFSI) was a financial services company and bank holding company, headquartered in Minneapolis, Minnesota, with offices throughout the United States, where victim, A.C., maintained an account.

### B. The Scheme and Artifice

4.  From an unknown date, but at least from in or around March 2018, continuing through and including in or around January 2019, in the Middle District of Florida, and elsewhere, the defendant,

JUAN CARLOS ARTEAGA,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme

5.  The manner and means by which the defendant carried out the scheme and artifice to defraud included, among other things:

    a.  It was part of the scheme and artifice that ARTEAGA would and did hold himself out as someone who could provide customers with heavily discounted travel arrangements for both domestic and international travel. Despite operating as a *de facto* travel agent, ARTEAGA was not a licensed travel agent.

    b.  It was further part of the scheme and artifice that ARTEAGA would and did solicit friends, business contacts, acquaintances, and referrals from those individuals to purchase travel arrangements from him, including but not limited to domestic and international airfares, hotel rooms, and tickets to amusement parks.

    c.  It was further part of the scheme and artifice that ARTEAGA would and did receive funds from victims via check and wire transfers so ARTEAGA could make travel purchases for the victims.

2

d. It was further part of the scheme and artifice that ARTEAGA would and did deposit and cause to be deposited funds from the victims into accounts at CFCU that ARTEAGA owned and controlled.

e. It was further part of the scheme and artifice that ARTEAGA would and did use the fraud proceeds from the scheme for his personal enrichment, including paying his mortgage, short term loans, credit card bills, and cable bills, buying groceries, paying nursing home expenses, and withdrawing large amounts of cash.

f. It was further part of the scheme and artifice that ARTEAGA would and did use some funds obtained from victims to purchase travel arrangements for other victims, thus delaying discovery of the scheme.

g. It was further part of the scheme and artifice that ARTEAGA would and did perform acts and make statements to misrepresent, hide and conceal, and cause to be misrepresented, hidden and concealed, the purpose of the scheme and artifice and the acts committed in furtherance thereof.

### D. Interstate Wire Transmission

6. On or about July 24, 2018, in the Middle District of Florida, and elsewhere, the defendant,

JUAN CARLOS ARTEAGA,

for the purpose of executing the aforementioned scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate commerce, the writings, signs, and signals, associated

3

with a wire transfer of $40,000 from victim A.C. from his account at AFSI to the CFCU account ending in 9776 in the name of JUAN ARTEAGA, which was opened and maintained in Jacksonville, the processing of which occurred via a server located in Hazelwood, Missouri.

All in violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant, JUAN CARLOS ARTEAGA, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least $843,187.00 representing the amount of proceeds obtained as a result of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or,

4

e. has been commingled with other property which cannot be divided without difficulty; the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

KARIN HOPPMANN
Acting United States Attorney

By: _____
Ashley Washington
Assistant United States Attorney

By: _____
Frank Talbot
Assistant United States Attorney
Chief, Jacksonville Division