FILED IN OPEN COURT

11.10.2021

CLERK. U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-121-HES-MCR

JUAN CARLOS ARTEAGA

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, JUAN CARLOS ARTEAGA, and the attorney for the defendant, James A. Hernandez, Esq., mutually agree as follows:

**A.    Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Information.  Count One charges the defendant with wire fraud, in violation of 18 U.S.C. § 1343.

2.    Maximum Penalties

Counts One carries a maximum sentence of 20 years' imprisonment, a fine of up to $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count.  A violation of the terms and conditions of supervised release carries a maximum sentence of not more than 2 years imprisonment as well as the possibility of an additional term of supervised release.

Defendant's Initials _____                              AF Approval  PF
                                                                   (FSA/P3)

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Counts One are:

First:    the Defendant knowingly devised or participated in a scheme to defraud or to obtain money or property using false or fraudulent pretenses, representations, or promises;

Second:    the false pretenses, representations, or promises were about a material fact;

Third:    the Defendant acted with the intent to defraud; and

Fourth:    the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

4.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _____    2

5. <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution in the amount of at least $779,687, with the final amount to be determined by the Court at the time of sentencing:

| Victim | Amount |
|--------|--------|
| T.A. | At least $4,473 |
| D.A. | At least $2,000 |
| S.B. | At least $5,600 |
| S.B. | At least $3,450 |
| K.B. | At least $6,600 |
| T.B. | At least $4,400 |
| C.B. | At least $5,000 |
| M.B. | At least $1,100 |
| J.B. | At least $3,300 |
| B.B. & M.B. | At least $300 |
| L.B. | At least $21,680 |
| R.B. | At least $8,358 |
| S.C. | At least $900 |
| K.C. | At least $1,800 |
| P.C. & J.C. | At least $950 |
| T.C. | At least $2,500 |

Defendant's Initials _____   3

| Victim | Amount |
|--------|--------|
| L.C. | At least $1,400 |
| B.C. | At least $2,150 |
| L.C. | At least $1,800 |
| N.C. & T.C. | At least $1,000 |
| J.C. | At least $17,000 |
| C.C. | At least $10,000 |
| K.D. | At least $5,450 |
| M.D. | At least $1,500 |
| M.D. | At least $2,500 |
| M.D. | At least $6,500 |
| N.D. | At least $2,500 |
| W.D. | At least $4,000 |
| N.D. | At least $2,758 |
| C.D. & J.D. | At least $7,400 |
| J.D. | At least $4,300 |
| E.D. | At least $5,000 |
| D.E. | At least $2,250 |
| V.E. | At least $1,440 |
| C.F. | At least $1,050 |
| S.F. | At least $14,000 |

Defendant's Initials _____            4

| Victim | Amount |
|---|---|
| M.G. & M.G. | At least $3,000 |
| R.G. | At least $3,015 |
| L.G. | At least $4,000 |
| D.H. | At least $9,500 |
| L.H. & M.H. | At least $8,068 |
| M.H. | At least $750 |
| L.H. & T.H. | At least $104,390 |
| S.H. | At least $1,800 |
| A.I. | At least $2,000 |
| B.I. | At least $3,000 |
| R.J. | At least $750 |
| M.K. | At least $30,000 |
| M.K. & N.K. | At least $2,284 |
| F.K. | At least $2,000 |
| B.L. | At least $700 |
| C.L. | At least $2,700 |
| D.L. | At least $5,530 |
| C.M. & K.M. | At least $1,700 |
| M.M. | At least $10,397 |
| R.M. | At least $1,150 |

Defendant's Initials _[signature]_                    5

| Victim | Amount |
| --- | --- |
| E.M. | At least $5,000 |
| S.M. | At least $7,487 |
| C.M. & D.M. | At least $7,930 |
| G.M. & M.M. | At least $8,000 |
| C.M. | At least $2,100 |
| M.M. | At least $16,635 |
| K.M.F. | At least $7,000 |
| B.M. | At least $2,400 |
| P.M. | At least $600 |
| T.M. | At least $3,000 |
| R.M. | At least $14,300 |
| M.M. | At least $10,500 |
| N.N. | At least $6,400 |
| J.N. | At least $800 |
| J.A.O. | At least $1,800 |
| K.O. | At least $9,350 |
| T.P. | At least $23,576 |
| M.P. & J.P. | At least $3,307 |
| M.P. | At least $3,200 |
| T.P. | At least $1,580 |

Defendant's Initials _____

| Victim | Amount |
| --- | --- |
| M.P. | At least $2,600 |
| J.R. & J.R. | At least $2,050 |
| E.R. | At least $1,400 |
| J.R. & A.R. | At least $1,200 |
| J.R. | At least $5,500 |
| M.R. | At least $2,500 |
| N.R. | At least $2,000 |
| C.R.W. | At least $2,000 |
| G.R. | At least $1,300 |
| J.R. | At least $12,800 |
| N.R. | At least $5,500 |
| D.S. | At least $3,400 |
| K.S. | At least $500 |
| L.S. | At least $9,400 |
| N.B.S. | At least $5,400 |
| S.S. | At least $1,464 |
| E.S. | At least $9,400 |
| C.S. | At least $10,000 |
| C.S. | At least $13,700 |
| G.S. & E.S. | At least $4,800 |

Defendant's Initials _____

7

| Victim | Amount |
|---|---|
| H.S. | At least $3,000 |
| M.S. | At least $3,000 |
| L.S. | At least $3,500 |
| M.S. | At least $7,500 |
| R.S. | At least $10,000 |
| A.S. | At least $1,800 |
| M.S. | At least $2,000 |
| K.S. | At least $13,430 |
| K.T. & D.T. | At least $14,683 |
| E.T. & M.T. | At least $23,862 |
| C.T. & E.T. | At least $4,358 |
| W.T. | At least $900 |
| P.T. | At least $4,682 |
| M.T. | At least $4,500 |
| S.T. | At least $2,500 |
| K.T. | At least $1,300 |
| P.T. | At least $1,950 |
| D.V. | At least $2,500 |
| E.V. | At least $2,100 |
| J.W. | At least $750 |

Defendant's Initials _____          8

| Victim | Amount |
|--------|--------|
| S.W. | At least $1,800 |
| B.W. | At least $500 |
| T.W. | At least $1,800 |
| T.W. | At least $1,800 |
| H.W. | At least $1,200 |
| K.A.W. | At least $4,100 |
| D.W. | At least $9,275 |
| D.W. | At least $2,542 |
| S.W. | At least $6,000 |
| P.W. | At least $12,000 |
| S.W. & H.W. | At least $5,000 |
| B.W. & S.W. | At least $1,500 |
| D.W. | At least $15,400 |
| K.W. | At least $4,328 |
| M.W. & H.W. | At least $8,000 |
| L.Y. | At least $4.682 |
| M.Z. | At least $1,100 |

Defendant's Initials _____

9

6.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

Defendant's Initials        10

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, at least $843,187.00 in proceeds the defendant admits he obtained, as the result of the commission of the offenses to which the defendant is pleading guilty. The defendant further herein consents to the filing of a motion by the United States for immediate entry of an order of forfeiture.

The defendant acknowledges and agrees that: 1) the defendant obtained this amount as a result of the commission of the offenses, and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offense(s) of conviction. The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offenses. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including

Defendant's Initials _____        11

depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2 (b) (3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and

Defendant's Initials _____                12

to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability

Defendant's Initials _____      13

of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

**B.    Standard Terms and Conditions**

    1.    <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

        On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the

Defendant's Initials _____                    14

Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.   <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials                    15

5.     <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _____       16

6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's

Defendant's Initials _____                    17

applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

    8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

    9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or in <u>camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

    10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials           18

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _____                19

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials             20

13.    <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement
has been read in its entirety by (or has been read to) the defendant and that defendant
fully understands its terms.

DATED this _11th_ day of _November_, 2021.

KARIN HOPPMANN
Acting United States Attorney

_____          _____
Juan Carlos Arteaga                        Ashley Washington
Defendant                                  Assistant United States Attorney

_____          _____
James A. Hernandez, Esq.                   Frank Talbot
Attorney for Defendant                     Assistant United States Attorney
                                           Chief, Jacksonville Division

Defendant's Initials _____          21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-12 -HES-MCR

JUAN CARLOS ARTEAGA

PERSONALIZATION OF ELEMENTS

1.     Did you knowingly devise or participate in a scheme to defraud, or to obtain money or property from A.C. by using false pretenses, representations, or promises?

2.     Were the false pretenses, representations, or promises to A.C. about a material fact?

3.     Did you act with the intent to defraud A.C.?

4.     Did you transmit or cause to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud, that is by receiving a wire for $40,000 from Ameriprise Financial Services, Inc., processed through Missouri, to your Community First Credit Union account in the Middle District of Florida on or about July 24, 2018?

Defendant's Initials

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:21-cr-21-HES-MCR

JUAN CARLOS ARTEAGA

FACTUAL BASIS

Beginning at least as early as March 2018, and through at least January 2019, the defendant, JUAN CARLOS ARTEAGA, a resident of Jacksonville, held himself out as someone who could provide customers with heavily discounted travel arrangements for both domestic and international travel.  He acted as a travel agent for people throughout the state of Florida and the United States.  Despite operating as a *de facto* travel agent, ARTEAGA was not a licensed travel agent.

ARTEAGA solicited friends, business contacts, acquaintances, and referrals from those individuals to purchase sham travel arrangements from him, including but not limited to domestic and international airfare, hotel rooms, and tickets to amusement parks.  ARTEAGA received money from the victims to purchase these travel arrangements and deposited the money into accounts at Community First Credit Union (CFCU) that he solely owned and controlled and jointly owned and controlled. The victims paid money to ARTEAGA by check and interstate wire transfers made payable to JUAN ARTEAGA.

ARTEAGA used some of the money he obtained from victims to purchase travel arrangements for others, which delayed discovery of the scheme because it

Defendant's Initials

appeared that the money victims paid was being used to purchase the travel they requested. ARTEAGA used his personal income to pay a portion of some of his bills. ARTEAGA also used some of the proceeds from the scheme for his personal enrichment, including paying his mortgage, short term loans, credit card bills, and cable bills, buying groceries, paying nursing home expenses, and withdrawing large amounts of cash. ARTEAGA performed acts and made statements to hide and conceal his scheme, including promising to make travel arrangements after he had been paid for them and promising to refund money to victims, despite knowing he had no intention of doing so.

As it relates specifically to Count One, in 2018, longtime friends P.C. and A.C. began to talk to ARTEAGA about a trip around the world through Road Scholar, Explore the World by Private Jet. P.C. and A.C. had successfully booked other travel arrangements in the past with ARTEAGA and vacationed with ARTEAGA and his wife numerous times. ARTEAGA said that the Road Scholar trip would cost approximately $100,000, but if they paid him by the next day, he could get them the trip for $60,000.

ARTEAGA instructed A.C. and P.C. to pay him $20,000 broken into five (5) check payments and to wire the $40,000 balance to him. A.C. and P.C. wired $40,000 to ARTEAGA from A.C.'s and P.C.'s financial advisor at Ameriprise Financial Services, Inc. (AFSI) to ARTEAGA's CFCU account, which was opened and maintained in Jacksonville, Florida. AFSI is headquartered in Minneapolis, Minnesota, and processed this wire through Hazelwood, Missouri. CFCU only has

Defendant's Initials _____   2

offices located in the State of Florida.

In August of 2018, P.C. heard from some friends that their trips with ARTEAGA had not been booked at all. P.C. and A.C. began to worry about their upcoming Road Scholar trip. A.C. called Road Scholar and learned that trip had not been booked. Road Scholar also said they did not provide any discounts, not even to travel agents.

After finding out the Road Scholar trip was a sham, A.C. and P.C. confronted ARTEAGA. ARTEAGA said he did not book their trip yet because he was concerned about P.C.'s health. P.C. and ARTEAGA's wife had previously bonded while going through treatment for the same health condition. However, neither P.C. nor A.C. raised P.C.'s health as a reason for delaying the Road Scholar trip and were not interested in delaying the trip. This was merely a ruse by ARTEAGA to conceal his failure to make the Road Scholar travel arrangements.

ARTEAGA did not use any of the money he received from A.C. and P.C. toward any trip around the world with Road Scholar. Instead, ARTEAGA used the money to make travel arrangements for other victims and himself, as well as to repay other travel victims.

The defendant fraudulently obtained at least $843,187 in proceeds as a result of the wire fraud scheme.

Defendant's Initials _____          3