UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 3:21-cr-121-HES-MCR

JUAN CARLOS ARTEAGA

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE**

The United States moves the Court, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture against the defendant in the amount of $843,187.00, representing the amount of proceeds he obtained as a result of the commission of a wire fraud scheme. In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.     Statement of Facts**

    **A.     Allegations Against the Defendant**

1. The defendant was charged in an Information with wire fraud, in violation of 18 U.S.C. § 1343.  Doc. 1.

2. The Information also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek an order of forfeiture in the amount of at

least $843,187.00, representing the amount of proceeds obtained as a result of the offense.  *Id.* at 4.

### B. Finding of Guilt and Admissions Related to Forfeiture

3. On November 10, 2021, the defendant pleaded guilty to Count One of the Information.  Doc. 19, 20.  The Court accepted the defendant's plea, adjudicated him guilty, and set the defendant's sentencing for March 20, 2022.  Doc. 21.

4. In his Plea Agreement, the defendant specifically agreed to immediately and voluntarily forfeit $843,187.00 in proceeds he obtained as a result of the commission of the offense to which he is pleading.  Doc. 15 at 11.  Accordingly, defendant consents to the relief sought in this motion for immediate entry of an Order of Forfeiture.

5. In the Factual Basis of his Plea Agreement, *Id.* at 1-3, the defendant operating as a *de* facto travel agent, but who was not a licensed travel agent, held himself out as someone who could provide customers with heavily discounted travel arrangements for both domestic and international travel.  The defendant solicited friends, business contacts, acquaintances, and referrals from those individuals to purchase sham travel arrangements from him.  The defendant received money from the victims to purchase these travel arrangements and deposited the money into accounts at Community First Credit Union (CFCU) that he solely owned and controlled and jointly owned and controlled. The victims paid money to the defendant by check and interstate wire transfers made payable to the defendant.

The defendant used some of the money he obtained from victims to purchase travel arrangements for others, which delayed discovery of the scheme because it appeared that the money victims paid was being used to purchase the travel they requested. The defendant used his personal income to pay a portion of some of his bills and used some of the proceeds from the scheme for his personal enrichment, including paying his mortgage, short term loans, credit card bills, and cable bills, buying groceries, paying nursing home expenses, and withdrawing large amounts of cash. The defendant performed acts and made statements to hide and conceal his scheme, including promising to make travel arrangements after he had been paid for them and promising to refund money to victims, despite knowing he had no intention of doing so.

The defendant fraudulently obtained at least $843,187.00 in proceeds as a result of the wire fraud scheme.

6. The defendant further agreed that as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. *Id.*

## II.   Applicable Law

### A.   Forfeiture Authority

The forfeiture of assets obtained by the commission of violations of 18 U.S.C. § 1343 is governed by Rule 32.2 and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States may civilly forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), any property real or personal which constitutes or is derived from

proceeds traceable to a violation constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7).  18 U.S.C. § 981(a)(1)(C).  The term "specified unlawful activity" includes offenses listed in 18 U.S.C. § 1956(c)(7).  That statutory definition includes wire fraud.  *See* 18 U.S.C. § 1956(c)(7)(D).

Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.  Section 853(a) provides that any person convicted of a pertinent offense "shall forfeit to the United States," among other things, "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation."

### B.   Court's Determination of Forfeiture

Fed. R. Crim. P. Rule 32.2 governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture.  Fed. R. Crim. P. Rule 32.2(b)(1)(A) requires that as soon as practical after a verdict or finding of guilty on any count in an indictment or information for which criminal forfeiture is sought, the Court must determine what property is subject to forfeiture under the applicable statute.

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States.  *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

4

Fed. R. Crim. P. Rule 32.2(b)(1)(A) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

The defendant admitted that he has dissipated the criminal proceeds that he obtained from his offense. Doc. 15 at 11. Because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his theft of government property, the United States seeks an order of forfeiture against the defendant in the amount of $843,187.00, pursuant to Rule 32.2(b)(2). As the defendant has agreed, he obtained $843,187.00 in proceeds as a result of wire fraud. If the Court finds that at least $843,187.00 was obtained by the defendant, and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III.   Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. 32.2(b)(2), the Court enter an order of forfeiture against the defendant in the amount of $843,187.00.

The United States further requests that, because the $843,187.00 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $843,187.00.

The United States further requests that, in accordance with his Plea Agreement, Doc. 15 at 12, the order of forfeiture become final as to the defendant at the time it is entered.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

        Respectfully submitted,

        KARIN HOPPMANN
        Acting United States Attorney

By:   *s/ Mai Tran*
      MAI TRAN
      Assistant United States Attorney
      Florida Bar No. 100982
      300 N. Hogan Street, Suite 700
      Jacksonville, Florida 32202
      Telephone: (904) 301-6300
      Facsimile: (904) 301-6310
      E-Mail: mai.tran2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney
